# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CARRASCO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHNNY CABABE, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00724-LJO-JDP<br><br>SCREENING ORDER<br><br>ORDER THAT PLAINTIFF:<br><br>(1) NOTIFY THE COURT THAT HE WILL PROCEED ONLY ON THE CLAIMS SANCTIONED BY THIS ORDER AND VOLUNTARILY DISMISS ALL OTHER CLAIMS AND DEFENDANTS;<br><br>(2) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(3) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>ECF No. 1<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PRODUCE SUMMONS<br><br>ECF No. 10 |

　　　　Plaintiff Richard Carrasco is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, ECF No. 1, is before the court for

1

screening under 28 U.S.C. § 1915A. Plaintiff alleges that he was physically assaulted by prison officials, that his medical needs were ignored, and that officials retaliated against him for attempting to submit grievances. He lists seventeen prison officials, including four unnamed "Does," as defendants. ECF No. 1 at 3. I find that plaintiff has stated an Eighth Amendment excessive-force claim against defendants Johnny Cababe, Robert Ruvalcaba, Robert Ruiz, and Brian Morse, as well as a First Amendment retaliation claim against defendant Doe number four, but no other claims. Plaintiff must choose between (1) proceeding only on the claims found cognizable by the court and voluntarily dismissing all other claims and defendants, (2) amending the complaint to add facts in an attempt to make out additional claims or claims against additional defendants, or (3) standing by the current complaint subject to dismissal of claims and defendants consistent with this order.

**SCREENING AND PLEADING REQUIREMENTS**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**DISCUSSION**

*Threshold Requirements of 42 U.S.C. § 1983*

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

The defendants here are all state-prison employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). However, plaintiff has failed to satisfy the causation requirement with respect to seven defendants: Mack, Hart, Warden Doe, Vasquez, Litt, Doe number two, and Doe number three. While these defendants are mentioned in passing throughout the complaint, plaintiff has not alleged sufficient facts that link any of them to an alleged deprivation. *See also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("[W]hen a supervisor is found liable . . . the supervisor is being held liable for his or her own culpable action

or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates.").

The remaining question is whether the alleged actions of the other ten defendants violated federal law.

### *Excessive Force and the Eighth Amendment*

Plaintiff alleges that four defendants—Cababe, Ruvalcava, Morse, and Ruiz—severely beat him without justification while he was restrained. ECF No. 1 at 8. Plaintiff alleges that the beating caused permanent eye damage and other serious medical issues. *Id*. at 12. These allegations are sufficient to state an excessive-force Eighth Amendment claim against defendants Cababe, Ruvalcava, Morse, and Ruiz. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

### *Medical Deliberate Indifference*

Plaintiff alleges that three defendants who personally participated in his medical care—Flack, Tate, Luong—violated his rights. To succeed on such a claim, plaintiff must show that these defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A medical need is "serious" when a failure to treat "could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (internal quotation marks and citations omitted). And plaintiff must show that defendants' response was deliberately indifferent by showing "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and "harm caused by the indifference." *Id*. Deliberate indifference is a higher standard than medical negligence or malpractice, and a difference of opinion between medical professionals generally does not amount to deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004).

Plaintiff's medical need was serious, but he has not alleged facts that show a deliberately indifferent response. Plaintiff's claims that defendant Luong incorrectly recorded his eye issue as a cataract and that defendant Flack wrote a medical report containing falsehoods, *see* ECF No. 1 at 10, do not suggest that any harm followed. And his claims that Flack failed to decontaminate his eye and that defendant Tate discontinued his morphine, *id*. at 9, contain insufficient detail to

4

rise to the high level of deliberate indifference.

*First Amendment Retaliation*

The remainder of plaintiff's claims (against Doe number four, Wood, and Madden) concern disciplinary actions taken against him—actions that plaintiff alleges were in retaliation for filing grievances. Prisoners have a First Amendment right to file grievances, and actions taken against them for exercising that right violate the Constitution. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). The basic elements of a First Amendment retaliation claim are an adverse action against an inmate because of that prisoner's protected conduct, where the adverse action would reasonably chill the prisoner's First Amendment activity and did not reasonably advance a legitimate correctional goal. *Id*.

Plaintiff has stated a First Amendment retaliation claim against defendant Doe number four. Plaintiff alleges that this Doe defendant twice threatened plaintiff for reporting staff conduct and submitting to interviews related to his complaints. *See* ECF No. 1 at 10 and 12. This allegation, construed liberally, contains the elements of a retaliation claim. *See Brodheim*, 584 at 1270 ("[T]he mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect.").

But plaintiff has not stated a retaliation claim against defendants Wood and Madden. Plaintiff alleges that defendant Wood intentionally lost a complaint that plaintiff filed, *see* ECF No. 1 at 19 and 21, and that Madden informed plaintiff that a grievance would be read by correctional officers, *see id*. at 10-11. Standing alone, however, these allegations do not contain the necessary elements for a First Amendment complaint: without more, they do not constitute adverse actions that would reasonably chill plaintiff's First Amendment rights, and there is no clearly inferable connection between plaintiff's protected conduct and these actions. *See Brodheim*, 584 F.3d at 1269; *see also Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) ("[P]laintiff must allege a causal connection between the adverse action and the protected conduct.").

**CONCLUSION AND ORDER**

I find that plaintiff has stated an Eighth Amendment excessive-force claim against

5

defendants Cababe, Ruvalcaba, Ruiz, and Morse, as well as a First Amendment retaliation claim against defendant Doe number four, but no other claims. In light of this conclusion and the law cited above, plaintiff must choose between (1) proceeding only on the claims found cognizable by the court and voluntarily dismissing all other claims and defendants, (2) amending the complaint to add facts in an attempt to make out additional claims or claims against additional defendants, or (3) standing on the current complaint subject to dismissal of claims and defendants consistent with this order.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First

Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has also filed motion to produce a summons for each defendant. ECF No. 10. Since we are still at the screening stage of this case, I deny this motion as premature.

Accordingly,

1. The clerk's office must send plaintiff a civil rights complaint form.
2. Within thirty (30) days from the date of service of this order, plaintiff must either:
    a. File a first amended complaint;
    b. Notify the court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the Eighth Amendment excessive-force claim against Cababe, Ruvalcaba, Ruiz, and Morse, and First Amendment retaliation claim against defendant Doe number four, voluntarily dismissing all other claims and defendants per Rule 41(a)(1)(A)(i); or
    c. Notify the court in writing that he does not agree to go forward on only the claims found cognizable by this order or file an amended complaint, in which case I will recommend the dismissal, with prejudice, of claims and defendants consistent with this order.
3. Should plaintiff choose to amend the complaint, plaintiff must caption the amended complaint "First Amended Complaint" and refer to the appropriate case number.
4. Plaintiff's motion to produce a summons for each defendant, ECF No. 10, is denied as premature.
5. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: November 20, 2019

UNITED STATES MAGISTRATE JUDGE

No. 205.