Mark A. Redmond, SBN 161520
**Law Office of Mark A. Redmond PC**
555 University Avenue, Suite 154
Sacramento, CA 95825
Telephone: (916) 444-8240
Facsimile: (916) 922-1921
Email: mr@markredmondlaw.com

Kresta Nora Daly, SBN 199689
**BARTH DALY LLP**
2810 Fifth Street
Davis, CA 95618
Telephone: (916) 440-8600
Facsimile: (916) 440-9610
Email: kdaly@barth-daly.com

Attorneys for Plaintiff RICHARD CARRASCO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CARRASCO,<br><br>                  Plaintiff,<br><br>          v.<br><br>J. CABABE, R. RUIZ, B. MORSE,<br>R. RUVALCABA, A. HART, and DOES 1<br>through 50, inclusive, in their official and<br>personal/individual capacities,<br><br>                  Defendants. | Case No. 1:19-cv-00724-LJO-JDP<br><br>**FIRST AMENDED COMPLAINT FOR<br>DAMAGES FOR VIOLATION OF CIVIL<br>RIGHTS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Richard Carrasco, upon information and belief, alleges the following:

## **INTRODUCTION**

1.      This civil rights action seeks compensatory and punitive damages from defendants for brutally beating plaintiff Richard Carrasco, without justification, while he was incarcerated at the California Correctional Institution located at 24900 Highway 202, Tehachapi, California (hereinafter "CCI").

2.      On or about July 20, 2016, Mr. Carrasco was brutally beaten by prison guards. Plaintiff, while restrained, was repeatedly kicked and punched.  Plaintiff suffered numerous

BARTH DALY LLP
ATTORNEYS AT LAW

1   injuries, including severe damage to his spine resulting in a cervical laminectomy, temporary

2   blindness and permanent vision loss to plaintiff's eye.  The full extent of his injuries is currently

3   unknown.  Plaintiff is informed and believes some of the defendants were fired due to their

4   conduct on July 20, 2016, against Mr. Carrasco and other inmates known and unknown to

5   plaintiff.

6                                    **JURISDICTION AND VENUE**

7           3.      This is an action for money damages brought pursuant to Title 42 of the United

8   States Code, Sections 1983 and 1988; and the Eighth and Fourteenth Amendments of the United

9   States Constitution against various correctional employees then working at the California

10  Correctional Institution in Tehachapi.

11          4.      Jurisdiction is conferred upon this Court by Title 42 of the United States Code,

12  Sections 1331 (federal question) and 1343 (civil rights).

13          5.      Venue lies in the Eastern District of California pursuant to Title 28, United States

14  Code Section 1367, as the unlawful acts and practices alleged herein occurred in and around the

15  City of Tehachapi, County of Kern, California, which is within this judicial district.

16                                          **PARTIES**

17          6.      Plaintiff Richard Carrasco is, and was at all times mentioned herein, an individual

18  and citizen of the United States of America, resident of the City of Tehachapi, County of Kern.

19          7.      California Department of Corrections and Rehabilitation Officer Johnny Cacabe

20  was employed as a correctional officer working at CCI.  Officer Cacabe was acting under color of

21  state law.  Plaintiff is unaware of the proper spelling of Officer Cacabe's last name.  Plaintiff is

22  informed and believes it is either Cacabe or Cababe.[1]  Cacabe is being sued in his/her individual

23  capacity.

24          8.      California Department of Corrections and Rehabilitation Sergeant Robert Ruiz was

25  employed as a correctional officer working at CCI.  Sergeant Ruiz was acting under color of state

26  law.  Ruiz is being sued in his/her individual capacity.

27  ///

28  
---
[1] The doctrine of *idem sonans* presumes the officer's identity despite the misspelling of his name.

{00029849}

BARTH DALY LLP
ATTORNEYS AT LAW

9.      California Department of Corrections and Rehabilitation Officer Brian Morse was employed as a correctional officer working at CCI.  Officer Morse was acting under color of state law.  Morse is being sued in his/her individual capacity.

10.      California Department of Corrections and Rehabilitation Officer Robert Ruvalcaba was employed as a correctional officer working at CCI.  Officer Ruvalcaba was acting under color of state law.  Ruvalcaba is being sued in his/her individual capacity.

11.      California Department of Corrections and Rehabilitation Officer Adrian Hart was employed as a correctional officer working at CCI.  Officer Hart was acting under color of state law.  Hart is being sued in his/her individual capacity.

12.      Upon information and belief, Doe Defendants 1 through 25 are correctional employees involved in the assault on Mr. Carrasco and were acting under color of state law.  The true names and identities of Doe Defendants 1 through 25 are presently unknown to plaintiff.  Plaintiff will seek to amend this complaint as soon as the true names and identities of these defendants are learned.  Doe Defendants 1 through 25 are being sued in their individual and professional capacities.

13.      Upon information and belief, Doe Defendants 26 through 50 are correctional employees involved in retaliating against plaintiff, including, but not limited to, denying and attempting to deny Mr. Carrasco access to the courts.  Doe Defendants 26 through 50 were acting under color of state law.  The true names and identities of Doe Defendants 26 through 50 are presently unknown to plaintiff.  Plaintiff will seek to amend this complaint as soon as the true names and identities of these defendants are learned.  Doe Defendants 26 through 50 are being sued in their individual and professional capacities.

14.      Plaintiff is informed and believes, and thereon alleges that each defendant is, and at all times mentioned was, the agent, employee, representative successor and/or assignee of each other defendant.  Each defendant, in doing the acts, or in omitting to act as alleged in this complaint, was acting within the scope of his or her actual and apparent authority or the alleged acts and omissions of each defendant as agent were subsequently adopted and ratified by each other defendant as principal.  Plaintiff is informed and believes that each of the individual

BARTH DALY LLP
ATTORNEYS AT LAW

1  defendant was in some way responsible for the constitutional violations and torts alleged in this

2  complaint.

3       15.    In committing the acts alleged in this complaint, defendants acted knowingly,

4  maliciously, and with reckless or callous disregard for the constitutional rights of plaintiff,

5  justifying an award of punitive damages under federal law against each defendant.

6  **FACTS**

7       16.    On July 20, 2016, Mr. Carrasco was transferred from Corcoran State Prison to

8  CCI.  The move to CCI was to a less secure prison where Mr. Carrasco would have more

9  privileges.

10       17.    There were approximately 20 inmates in the CCI Facility Receiving and Release

11  [hereinafter R&R].  The inmates, including Mr. Carrasco, were in the R&R area for an extended

12  period of time.  Mr. Carrasco and others were placed in single holding cages.  Due to the

13  prolonged period of time they were in R&R, the inmates were served a meal.

14       18.    Defendant Ruvalcaba started passing out dinner trays.  An unknown inmate

15  [hereinafter Inmate One] asked for a spoon.  A verbal altercation between Inmate One and

16  defendant Ruvalcaba ensued.  Officer Cacabe came to plaintiff's holding cage and demanded to

17  know if plaintiff wanted to eat.  A verbal altercation between Cacabe and plaintiff ensued.

18  Cacabe opened the cage, putting his fist up to threaten plaintiff.  The sole reason Cacabe opened

19  the cage was to start a fight with plaintiff.   Defendants Ruvalcaba and Morse drew their pepper

20  spray and threatened to spray plaintiff.

21       19.    Cacabe punched plaintiff in the face.  Defendants Ruvalcaba and Morse sprayed

22  plaintiff with pepper spray and punched plaintiff all over his body.  Plaintiff attempted to fend off

23  Cacabe while Ruvalcaba and Morse beat plaintiff with batons.  The facility alarm was activated.

24  Plaintiff proned out and was hand-cuffed.  Officer Hart aided and abetted the other officers in

25  their assault on Mr. Carrasco.

26       20.    After plaintiff was hand-cuffed Sgt. Ruiz came running towards plaintiff and asked

27  if plaintiff was alright.  After plaintiff responded in the affirmative Sgt. Ruiz kicked plaintiff in

28  the neck, back and stomach.  Ruiz stood plaintiff up while other officers, including but not limited

BARTH DALY LLP
ATTORNEYS AT LAW

FIRST AMENDED COMPLAINT     1:19-CV-00724-LJO-JDP

to the named defendants, beat plaintiff.  Officers continued to beat plaintiff for an unknown period of time.

21.     Officers brought plaintiff to a medical holding cage.  Ruiz threw plaintiff in the cage.  Plaintiff requested decontamination from the pepper spray.  Plaintiff was shown a sink and was told to use the sink for decontamination.

22.     After the assault on plaintiff, and while in pain from his own assault, plaintiff witnessed a violent unprovoked assault on inmate Joshua Heckathorn.  After Inmate Heckathorn was hand-cuffed and shackled he was beaten with hands and batons, sprayed with pepper spray, and shot with a rubber bullet at point blank range.  Many of the same CDCR employees were involved in and subsequently disciplined for the assault on Mr. Heckathorn.  The undersigned counsel represented Mr. Heckathorn in a civil suit against CDCR employees.  That suit has since resolved.

23.     Plaintiff was interviewed on several occasions by prison officials and other members of law enforcement and/or investigatory agencies regarding the assault in this case.  Upon learning of the investigation correctional officers, named herein as Doe Defendants 26 through 50, threatened Mr. Carrasco.   Doe Defendants 26 through 50 stated things like:

(1)     "Why are you going to interview with a camera";

(2)     "You better not be pushing it.  You're the one that started this";

(3)     "I'm going to type this report and all the C/O's you're alleging misconduct against are going to read this.  They'll know you're telling";

(4)     "Why you contacting the squad?  You better not be telling on staff or writing lawsuits if you know what's good for you"; and

(5)     "You better not fucking be doing interviews on camera about staff or filing paper work and lawsuits."

24.     On one occasion unknown correctional officers surrounded Mr. Carrasco while making comments such as those referenced above.  Mr. Carrasco felt his safety was threatened and informed the officers he was not pursuing legal action against staff.  Mr. Carrasco understood the officer's comments as threats intended to prevent him from filing legal action against them.

BARTH DALY LLP
ATTORNEYS AT LAW

25.     CDCR employees and agents threatened, harassed and intimated plaintiff in an effort to prevent him from redressing his grievances in order to cover up their unlawful conduct against Mr. Carrasco and their other victims.  Doe Defendants 26 through 50 intentionally sought to prevent Mr. Carrasco from reporting this incident or filing a lawsuit for many reasons, including a desire not be disciplined by CDCR.  In fact numerous guards were disciplined and several lost their jobs.

## FIRST CAUSE OF ACTION

### EXCESSIVE FORCE

**(42 USC § 1983 Against Defendants Cacabe, Ruiz, Morse, Ruvalcaba, Hart and Doe Defendants 1 through 25)**

26.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Amended Complaint.

27.     Defendants Cacabe, Ruiz, Morse, Ruvalcaba, Hart and Does 1 through 25 brutally beat plaintiff without justification.  Said defendants punched, kicked and beat Carrasco with batons.  They continued to beat plaintiff after he was hand-cuffed and unable to defend himself.  Said beating was done for the purpose of causing harm.  The beating was so severe it resulted in permanent spinal damage and numerous injuries to plaintiff.  This beating constituted excessive force against plaintiff in violation of his Eighth Amendment rights.

28.     Defendants' use of excessive force caused plaintiff severe physical injuries, including but not limited to pain and suffering, extreme emotional distress, fear, trauma and humiliation, bruises over his entire body, lacerations and abrasions, spinal surgery, permanent damage to his hands and shoulders, decreased vision in his left eye, and a neurogenic bladder.

29.     Plaintiff alleges the acts of the individual defendants were willful, malicious, intentional, oppressive, and reckless and/or were done in willful and conscious disregard of plaintiff's rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

30.     As a direct and legal result of defendants' acts and omissions, plaintiff has suffered damages, including, and without limitation, pain and suffering, extreme mental and emotional

BARTH DALY LLP
ATTORNEYS AT LAW

1   distress, severe physical injuries, attorneys' fees and cost of suit, and other pecuniary losses not

2   yet ascertained.

3          WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

4                              **SECOND CAUSE OF ACTION**

5                     **VIOLATE RIGHT OF ACCESS TO THE COURTS**

6                          **(Against Doe Defendants 26 through 50)**

7          31.    Plaintiff realleges and incorporates by reference each and every allegation

8   contained in the preceding paragraphs of this Amended Complaint as if fully set forth herein.

9          32.    Doe Defendants 26 through 50's actions deprived plaintiff of meaningful access to

10  the Court in violation of plaintiff's rights under the First and Fourteenth Amendments.

11  Statements such as "Why you contacting the squad?  You better not be telling on staff or writing

12  lawsuits if you know what's good for you" and "you better not fucking be doing interviews on

13  camera about staff or filing paper work and lawsuits" are threats intended to intimidate

14  Mr. Carrasco.  That intimidation was specifically calculated to deter Mr. Carrasco from

15  exercising his constitutional rights and pursuing legal action against correctional officers for the

16  injuries they inflicted upon him.

17         33.    The right of access to the courts prohibits "system official action [that] frustrates a

18  plaintiff or plaintiff class in preparing and filing lawsuits."  *Christopher v. Harbury*, 536 U.S.

19  403, 413, 415 & n.12 (2002).  Such "frustrat[ion]" includes not only policies that ban access

20  outright, but also those that obstruct it in more subtle ways.  See *Christopher*, 536 U.S. at 413

21  (citing *M.L.B. v. S.L.J.*, 519 U.S. 102, 106-107).

22         34.    Doe Defendants 26 through 50 are CDCR officers and employees who intimidated

23  and threatened Mr. Carrasco in an effort to deter Mr. Carrasco from filing a lawsuit to expose

24  their unlawful conduct.  Mr. Carrasco has a meritorious claim which is and has been frustrated by

25  Doe Defendants 26 through 50 in violation of the Constitutional right of access to the courts.

26                                  **JURY DEMAND**

27         Plaintiff hereby demands a jury trial on all issues so triable.

28  ///

BARTH DALY LLP
ATTORNEYS AT LAW

**PRAYER**

WHEREFORE plaintiff requests entry of judgment in his favor and against defendants as follows:

        (1)    For compensatory damages in an amount to be determined at trial;

        (2)    For punitive damages against individual defendants in an amount to be proven at trial;

        (3)    For reasonable costs of this suit and attorneys' fees; and

        (4)    For such further relief as the Court may deem proper, just and appropriate.

Dated:  December 2, 2019.        Respectfully submitted,

BARTH DALY LLP

By_____/s/ Kresta Nora Daly_____
        KRESTA NORA DALY

Attorneys for Plaintiff RICHARD CARRASCO

BARTH DALY LLP
ATTORNEYS AT LAW