PETER J. HIRSIG (State Bar No. 197993)
peter.hirsig@mcnamaralaw.com
ADAM C. YOUNG (State Bar No. 287460)
adam.young@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
639 Kentucky Street, First Floor
Fairfield, CA 94533
Telephone: (707) 427-3998
Facsimile:  (707) 427-0268

Attorneys for Defendant
A. HART

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CARRASCO, <br><br> Plaintiff, <br><br> vs. <br><br> J. CABABE, R. RUIZ, B. MORSE, R. RUVALCABA, A. HART, and DOES 1 through 50, inclusive, in their official and personal/individual capacities, <br><br> Defendants. | Case No. 1:19-CV-00724-LJO-JDP <br><br> **DEFENDANT A. HART'S ANSWER TO FIRST AMENDED COMPLAINT** <br><br> Trial Date:   TBD <br> Action Filed: 5/23/2019 |

Defendant A. HART hereby answers Plaintiff's First Amended Complaint filed on December 3, 2019 as follows, and pursuant to Rule 38 of the Federal Rules of Civil Procedure, demands a trial by jury.

**ANSWER TO FIRST AMENDED COMPLAINT**

1. The majority of facts alleged in the First Amended Complaint do not pertain in any way to A. HART. As to these allegations, Defendant pleads that he lacks knowledge or information sufficient to form an opinion as to their truth, and as such, these facts are thereby denied. Fed. R. Civ. Pro. 8(b)(5).

2. Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant denies all of the allegations against him which are contained in the First Amended Complaint, except the allegations set forth below, which are admitted:

A. Defendant admits that this Court has subject matter jurisdiction and that venue in the Eastern District of California is proper.

B. Defendant admits that on the date of the subject incident, he was employed as a Correctional Officer at that California Correction Institution ("CCI").

C. Defendant admits that at the time of this incident, Plaintiff was incarcerated at California Correctional Institution, 24900 Highway 202, Tehachapi, California, in the custody of CDCR.

3. Except as expressly admitted, Defendant denies every other allegation in the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The First Amended Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

### Second Affirmative Defense

The First Amended Complaint fails to allege facts sufficient to constitute a claim for punitive damages.

### Third Affirmative Defense

Defendant is entitled to discretionary immunity or qualified immunity.

### Fourth Affirmative Defense

The conduct of plaintiff Richard Carrasco contributed to his damages, if any.

### Fifth Affirmative Defense

To the extent that Plaintiff has previously litigated the issues raised in this complaint, the First Amended Complaint and all causes of action are barred by the doctrines of res judicata or collateral estoppel.

### Sixth Affirmative Defense

Plaintiff has failed to mitigate his damages.

Seventh Affirmative Defense

Defendant alleges, without admitting any allegation of the First Amended Complaint, that some of the acts or omissions alleged were committed, if at all, by independent, non-affiliated persons who were not acting on behalf of, or within the course and scope of, any relationship with Defendant during the time referred to in the First Amended Complaint.

Eighth Affirmative Defense

Defendant alleges that the Plaintiffs' damages, if any exist, are subject to a complete or partial set-off due to the contributory negligence and/or other willful or reckless misconduct of other actors.

Ninth Affirmative Defense

Defendant alleges that the Plaintiff is barred, in whole or in part, from any recovery in this action to the extent that any consideration from Defendant, or from anyone else in satisfaction of any purported rights, claims, or causes of action as alleged in the First Amended Complaint, was received.

Tenth Affirmative Defense

Plaintiffs' First Amended Complaint is barred by the applicable statute of limitations.

Eleventh Affirmative Defense

Plaintiffs' First Amended Complaint is barred by the Eleventh Amendment.

Twelfth Affirmative Defense

To the extent that Plaintiffs' First Amended Complaint asserts causes of action arising under California law, Plaintiffs' claims are barred by the immunities provided by California Government Code sections 820.2, 820.8, 844.6, 845.2, 845.6 and 855.8.

Thirteenth Affirmative Defense

The actions of independent third parties constituted an intervening and superseding cause for the damages, if any, suffered by Plaintiff.

Fourteenth Affirmative Defense

Plaintiff has failed to exhaust all available administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

Fifteenth Affirmative Defense

Plaintiff's claim would necessarily imply the invalidity of underlying disciplinary proceedings and therefore the restoration of good-time credits, where the underlying disciplinary proceedings have not been set aside. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Sixteenth Affirmative Defense

Because the First Amended Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, Defendant reserves the right to assert additional affirmative defenses, if and to the extent such defenses are applicable.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands that this action be tried by a jury.

**PRAYER FOR RELIEF**

Defendant prays for judgment as follows:

1. That judgment be awarded in favor of Defendant and Plaintiff take nothing by this action;
2. That Plaintiff be denied declaratory, injunctive, and compensatory relief;
3. That Defendant be awarded costs of suit and attorney's fees; and
4. That Defendant be awarded such other relief as this Court deems proper.

Dated: August 10, 2020         McNamara, Ney, Beatty, Slattery,
                               Borges & Ambacher LLP


                               By: */s/ Adam C. Young*
                                   Peter J. Hirsig
                                   Adam C. Young
                                   Attorneys for Defendant
                                   A. HART

DEFENDANT A. HART'S ANSWER TO FIRST AMENDED COMPLAINT    4